# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GAIL ANN MYLES, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) Case No. CIV-09-682-M |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

# **FINDINGS & RECOMMENDATION**
# **OF MAGISTRATE JUDGE**

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying her application for disability insurance benefits (DIB) under 42 U.S.C. §§416(i) and 423. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and for the reasons stated herein, it is recommended that the Commissioner's decision be **REVERSED and REMANDED for further administrative proceedings**.

## PROCEDURAL HISTORY

Plaintiff protectively filed her application for DIB on August 26, 2002 (TR. 11). The application was denied on initial consideration and on reconsideration at the administrative level (TR. 11). Pursuant to Plaintiff's request, a hearing *de novo* was held before an ALJ on August 19, 2008 (TR. 22-73). At the hearing, Plaintiff amended her onset date to allege that her disability began on August 30, 2006 (TR. 11). The Plaintiff appeared in person and with her attorney and offered her testimony in support of the application (TR. 27-59). A vocational expert (VE) testified at the request of the ALJ (TR. 60-71). The ALJ issued her decision on January 28, 2009 finding that Plaintiff was not entitled to DIB. (TR. 11-21). The Appeals Council denied the Plaintiff's request for

review on April 22, 2009, and thus, the decision of the ALJ became the final decision of the Commissioner (TR. 1-3).

## STANDARD OF REVIEW

The Tenth Circuit case of *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800-801 (10th Cir. 1991), sets forth the standard of review for social security disability cases:

> We must affirm the decision of the Secretary if it is supported by substantial evidence. (*citations omitted*). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*citations omitted*). In evaluating the appeal, we neither reweigh the evidence nor substitute our judgment for that of the agency. (*citations omitted*). We examine the record as a whole, including whatever in the record fairly detracts from the weight of the Secretary's decision and, on that basis, determine if the substantiality of the evidence test has been met. (*citations omitted*). If, however, the correct legal test in weighing the evidence has not been applied, these limitations do not apply, and such failure constitutes grounds for reversal. (*citations omitted*).

Further, the Tenth Circuit has stated that "[a] finding of no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (*citations omitted*).

## DISCUSSION & FINDINGS

In addressing the Plaintiff's disability application the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520. At step one, the ALJ found that the Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, so the process continued (TR. 13). At step two, the ALJ concluded that Plaintiff had the following severe impairments: "degenerative disc disease with radicular symptoms to left lower extremity; status post multiple surgeries for 2002 communitued fracture of left ankle and subsequent nonunion left lateral malleolus, distal fibula; depression" (TR. 13). At step three, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meets or equals any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 13). At step four, the ALJ found that

Plaintiff lacked the residual functional capacity (RFC) to perform her past relevant work (PRW) (TR. 19).

At the point that step five is reached, a disability preventing prior work activity has been shown and the burden shifts to the Commissioner to show that the claimant retains the ability to perform an alternative work activity which exists in the national economy. *Sorenson v. Bowen*, 888 F.2d 706, 710 (10th Cir. 1989); *Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). The ALJ found that Plaintiff retained the RFC to perform sedentary work with nonexertional restrictions (TR. 15). The ALJ found that Plaintiff had the following restrictions:

> The claimant can lift and/or carry ten pounds occasional; sit for 6 of 8 hours with normal breaks, stand for 2 hours with normal breaks; push/pull up to 10 pounds occasional. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant must be able to change position on an as needed basis in the work area. Secondary to pain, side effects of medication and fluctuations in her emotional status, the claimant can do semiskilled tasks, but should not be in customer service

(TR. 15). By using the medical vocational guidelines (Grids) as a framework for decision making and by considering the testimony of the VE the ALJ determined that the Plaintiff was not disabled within the meaning of the Social Security Act and was therefore not entitled to DIB (TR. 20-21).

On appeal to this Court, Plaintiff alleges that the ALJ erred in her evaluation of the medical evidence; and erred at step five of the sequential evaluation process.

## MEDICAL EVIDENCE

In September 2006, a Psychiatric Review Technique Form and a Mental Residual Functional Capacity assessment were completed by a non-examining physician, Lawrence E. Klusman, Ph.D., in which he concluded that Plaintiff had mild difficulties in maintaining social function and moderate difficulties in maintaining concentration, persistence or pace (TR. 421). Dr. Klusman further concluded that Plaintiff was moderately limited in the following areas: The ability to understand and remember detailed instructions; the ability to carry out detailed instructions; the ability to maintain attention and concentration for extended periods; the ability to complete a normal workday and

workweek without interruptions from psychologically based symptoms; and to perform at a consistent pace without an unreasonable number and length of rest periods (TR. 425-426).

Also in September 2006 and again in April 2007, non-examining agency physicians completed a Physical Residual Functional Capacity Assessment of Plaintiff in which they found that Plaintiff was able to occasionally lift and/or carry 20 pounds, frequently lift and/or carry 10 pounds, and sit, stand and/or walk for a total of about six hours in an eight hour workday (TR. 428, 486). Agency physicians further concluded that Plaintiff had no other exertional, postural, manipulative, visual, communicative, or environmental limitations (TR. 429-431, 487-489).

In January 2007, Plaintiff's treating physician, Jack E. Marshall, M.D., examined Plaintiff and reported that her gait was stable; that she was able to stand on her toes and heels; and that she had some pain with ankle range of motion, but minimal restriction (TR. 614). Dr. Marshall also reported that Plaintiff's lumbar spine was mildly tender to palpation; and that sensation was diminished in the left foot and ankle (TR. 614). Dr. Marshall assessed Plaintiff as having chronic left hip and leg pain which was a combination of neuropathic and orthopedic pain; and as having sacroiliitis (TR. 614). In July and November 2007, Dr. Marshall assessed Plaintiff as having chronic neuropathic pain of the left leg (TR. 598, 594). Dr. Marshall treated Plaintiff with joint injections and pain mediation (TR. 598, 594). In August 2008, Dr. Marshall completed a physical functional capacity form in which he concluded that Plaintiff could only sit, stand, walk or work for one hour in an eight hour work-day; and that Plaintiff could only occasionally lift or carry up to 10 pounds (TR. 665). Dr. Marshall further concluded that Plaintiff could only occasionally bend, squat or reach "above" because of pain in her back and legs and an implanted stimulator (TR. 665). Dr. Marshall listed x-ray, hip joint deformity, muscle spasm and spinal deformity as objective signs of Plaintiff's pain which he classified as moderate to severe at times (TR. 666). Dr. Marshall also remarked that Plaintiff was on medications which "may cause impaired mental functions" (TR. 666).

In August 2008, Plaintiff's treating physician, Lesley Dlugokinski, Ph.D. (clinical psychologist)

4

found that Plaintiff had "Extreme" functional limitations related to activities of daily living, maintaining social functioning, maintaining concentration, persistence or pace; and that she had extreme limitations because of repeated episodes of decompensation, each of extended duration (TR. 667-668).

Also in August 2008, Plaintiff's treating physician, Linda Bowlby, M.D. (psychiatrist) found that Plaintiff had "Marked" functional limitations related to activities of daily living and maintaining social functioning and maintaining concentration, persistence or pace; and that she had "Moderate" limitations because of repeated episodes of decompensation, each of extended duration (TR. 749-750).

When presented with opinions of a treating physician, the ALJ must "give good reasons in her decision for the weight assigned to the opinion. 20 C.F.R. § 404.1527(d)(2) *see also* SSR 96-2p; *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003). The decision "must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. In deciding how much weight to give a treating source opinion, an ALJ must first determine whether the opinion qualifies for "controlling weight." An ALJ should keep in mind that "it is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if it is inconsistent with the other substantial evidence in the case record." SSR 96-2p; *see also* 20 C.F.R.§404.1527(d)(2).

The Tenth Circuit described the required analysis of a treating physician's opinion in *Watkins v. Barnhart*, 350 F. 3d 1297, 1300-1301, (10th Cir. 2003):

> The analysis is sequential. An ALJ must first consider whether the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." SSR 96-2p, 1996 WL 374188, at *2 (quotations omitted). If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is

5

consistent with other substantial evidence in the record. *Id.* In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight. *Id.* The agency ruling contemplates that the ALJ will make a finding as to whether a treating source opinion is entitled to controlling weight.

The Court in *Watkins* further reasoned that

> Resolving the controlling weight issue does not end our review. In completing the analysis: adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927

*Watkins* at 1300; SSR 96-2p.

If an ALJ determines that a treating physician's opinion is not entitled to controlling weight then in order to disregard or give "slight weight" to that treating physician's opinion, she must set forth "specific, legitimate reasons" for doing so. *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984). In *Goatcher v. United States Dep't of Health & Human Services*, 52 F.3d 288 (10th Cir. 1995), the Tenth Circuit outlined factors which the ALJ must consider in determining the appropriate weight to give a medical opinion.

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 290; 20 C.F.R. § 404.1527(d)(2)-(6).

In her decision the ALJ provided a thorough review of the medical evidence (TR. 39-46). However, the ALJ failed to adequately explain the weight given to the opinions of Dr. Marshall, Dr.

6

Bowlby, and Dr. Dlugokinski (TR. 17-18). In each instance the ALJ found that the opinions of these treating physicians were not entitled to controlling weight (TR. 18).

Although the ALJ determined that the opinions of Plaintiff's treating physicians were not entitled to controlling weight, the ALJ failed to complete the required analysis under *Goatcher* and 20 C.F.R. § 404.1527(d)(2)-(6). The court cannot simply presume the ALJ applied the correct legal standards in considering the opinions of Plaintiff's treating physicians. Thus, remand is appropriate because the court cannot meaningfully review the ALJ's determination absent findings and analysis explaining the weight assigned to the opinions of Plaintiff's treating physicians, Dr. Marshall, Dr. Bowlby, and Dr. Dlugokinski. *Watkins* at 1300-1301.

Thus, it appears that the ALJ has, without adequate explanation, rejected the opinions of three of Plaintiff's treating physicians, and has adopted the opinions of non-treating, non-examining physicians. The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. 20 C.F.R. §§ 404.1527(d)(1), (2) and 416.927(d)(1), (2); *SSR* 96-6p, *Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004). Thus, the ALJ erred in rejecting the treating-physician opinions of Drs. Marshall, Bowlby and Dlugokinski in favor of the opinions of the non-examining agency physicians without offering a legally sufficient explanation for doing so.

The ALJ's error in evaluating the medical evidence has infected the fourth and fifth steps of the sequential evaluation process, therefore, Plaintiff's remaining allegations of error will not be considered. On remand, the Commissioner should re-evaluate the medical evidence and should consider obtaining both physical and mental consultative examinations of Plaintiff.

**RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner is not supported by substantial

7

evidence and should be **REVERSED AND REMANDED for further administrative proceedings**. The parties are advised of their right to object to these findings and recommendation within twenty (20) days of the date of the filing hereof, in accordance with 28 U.S.C. §636 and Local Court Rule 72.1 (a). The parties are further advised that failure to make timely objection to these findings and recommendation waives their right to appeal from a judgment of the district court based upon these findings and recommendation. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The foregoing Findings and Recommendation disposes of all issues referred to the undersigned magistrate judge in the above captioned matter.

ENTERED on September 27, 2010.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE